1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10
ALLIXZANDER DEVELL HARRIS,

11
Petitioner,

CASE NO. 3:20-CV-5504-BHS-DWC

12
v.

REPORT AND RECOMMENDATION

13
JEFFREY A. UTTECHT,

Noting Date: April 30, 2021

14
Respondent.

15
     The District Court referred this case to United States Magistrate Judge David W. Christel.

16
The matter before the Court is Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

17
Petitioner, pro se, seeks relief from his 2014 conviction by jury of six counts of promoting

18
commercial sexual abuse of a minor with aggravating circumstances, one count of tampering

19
with a witness, and one count of promoting prostitution in the second degree. Dkt. 4. Petitioner is

20
serving an exceptional sentence of 486 months of confinement. Dkt. 12-1 at 3-14.

21
     Petitioner raises three grounds for relief, each alleging his 4th, 6th, and 14th Amendment

22
rights protected by the United States Constitution were violated when: (1) Trial counsel

23
failed/refused to move for suppression of unconstitutionally obtained evidence subsequently

24

gathered through a pretextual traffic stop; (2) Trial counsel failed to move for suppression of

unlawfully obtained evidence and its fruits due to a prolonged detention that tainted/exploited his

"consent"; and, (3) Trial counsel failed to move for suppression of unlawfully and illegally

obtained evidence and its fruits due to an illegal search equaling a tainted warrant application.

Dkt. 4 at 5, 6, 8.

Respondent does not dispute that Petitioner exhausted these grounds for relief, but argues

that relief is barred by the Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465 (1976). Dkt.

11 at 16-21.

On November 9, 2020, this Court granted Petitioner's motion for extension of time to file

a response to Respondent's Answer (Dkt. 13), requiring him to do so on or before March 8,

2021. Dkt. 14. Petitioner failed to file a response.

<u>BACKGROUND</u>

I.    **<u>Facts</u>**

The Washington Court of Appeals summarized the facts of petitioner's case as follows:

> On December 28, 2012, Bremerton police took a report from L.P. L.P. reported that Harris and another individual raped her from December 26 through December 28. She reported that the rapes occurred at two motels, one in Tacoma and one in Bremerton. On December 31, Sergeant Randy Plumb and Detective Martin Garland confirmed that Harris rented the rooms at the Bremerton motel as L.P. had reported.
>
> Sergeant William Endicott worked for the Bremerton Police Department. On December 31, he had a conversation with Sergeant Plumb in which he learned about the ongoing investigation regarding Harris. Plumb asked Endicott to alert him if any officers came into contact with Harris. That same day, Officer Jonathan Meador conducted a traffic stop involving Harris. Officer Inklebarger had called Meador to the area "for a subject that may or may not have been suspended, but had expired tabs on the vehicle." Verbatim Report of Proceedings (VRP) at 1098. Meador pulled in behind the car and noticed that it had expired tabs. The windows were tinted so he could not see the driver. He stopped the car and made contact with the driver, Harris, who told Meador that his license was suspended. Meador detained Harris. Meador ran Harris's information and discovered that he "came

back [driving with license suspended (DWLS)] 3rd degree." Br. of Resp't, App. L at 2. Inklebarger arrived at the scene and placed Harris in custody. Endicott traveled to the scene and informed Plumb of the stop and that Harris was the driver. Sergeant Plumb asked Sergeant Endicott if Harris had a cell phone and a laptop. Endicott then asked Harris if he could look inside his car. Harris "assured [Endicott] there was nothing illegal in there and that [Endicott] could look." 9 VRP at 1185. Endicott looked inside Harris's car and discovered a cell phone and a laptop inside a backpack. The police then impounded Harris's car.

Sergeant Plumb later obtained a warrant to search Harris's car and the items discovered within it. The cell phone and laptop contained evidence that Harris was involved in promoting the commercial sexual abuse of minors.

Dkt. 12-3 at 53-54 (footnote omitted).

## II.    State Court Procedural History

### a. Direct Appeal

Petitioner appealed his convictions and sentence to the Washington Court of Appeals. He raised, through counsel, the following claims in his opening brief: (1) There was insufficient evidence presented to support the jury's verdict regarding the aggravating factor of rapid recidivism; (2) The recent recidivism aggravator is unconstitutionally vague; (3) The trial court failed to find on the record that Petitioner had the ability to pay the Legal Financial Obligations (LFOs) imposed; (4) Petitioner's constitutionally protected right to be present was violated when the trial court barred him from the courtroom; and, (5) The trial court violated Petitioner's constitutionally protected right to represent himself at trial. Dkt. 12-1 at 25-26.

Petitioner also filed a pro-se statement of additional grounds for review raising the following claim:

Defense counsel rendered constitutionally ineffective assistance by stipulating to a conclusion of law activating CrR 3.3 (D)(3) which waived defendant's right to object that a trial date commenced outside the time limits prescribed by this rule blocking any motion for dismissal due to a speedy trial rule violation which counsel also ineffectively failed to move for but that would have been granted had attorney not stipulated activating CrR 3.3(D)(3) waiving the right to object.

1  Dkt. 12-1 at 59.

2          The State responded (Dkt. 12-1 at 82-118) and Petitioner replied (Dkt. 12-1 at 124-130).

3  In an unpublished opinion, the Washington Court of Appeals affirmed Petitioner's conviction

4  and remanded the case to the trial court to conduct an individualized inquiry into his ability to

5  pay discretionary LFOs. Dkt. 12-1 at 133-153.

6          Petitioner, through counsel, petitioned the Washington Supreme Court for review raising

7  the following claims: (1) The trial court impermissibly denied Petitioner his right to represent

8  himself, requiring reversal of his convictions; (2) Petitioner's right to be present was violated

9  when the trial court banished him from the courtroom; (3) The recent recidivism aggravator is

10  unconstitutionally vague; (4) Petitioner suffered ineffective assistance of counsel when counsel

11  stipulated to a waiver of Petitioner's speedy trial rights due to counsel's health issues; (5) The

12  only evidence supporting the rapid recidivism aggravating circumstance was the Community

13  Corrections Officer's (CCO) hearsay statements. Dkt. 12-1 at 155-177.

14          The Washington Supreme Court denied the petition. Dkt. 12-1 at 202.

15          **b.  Personal Restraint Petitions**

16          Petitioner, pro-se, filed his personal restraint petition in the state court of appeals and

17  raised the following claims: (1) Trial counsel was ineffective for failing/refusing to move for a

18  suppression hearing that would have been granted upon unconstitutionally obtained evidence; (2)

19  Trial counsel was ineffective for failing/refusing to move for suppression of Unconstitutionally

20  obtained evidence due to a Pretextual Traffic Stop; (3) Trial counsel was ineffective for

21  failing/refusing to move for suppression of illegally obtained evidence due to a prolonged

22  detention; (4) Trial counsel was ineffective for failing/refusing to move for suppression of

23  illegally obtained evidence due to a tainted/exploited consent; (5) Trial counsel was ineffective

24

1  for failing/refusing to move for suppression of illegally obtained evidence due to an Illegal

2  Search; (6) Trial counsel was ineffective for failing/refusing to move for suppression of tainted

3  evidence due to a Tainted probable cause affidavit; (7) Trial counsel was ineffective for

4  failing/refusing to move for suppression of illegally obtained evidence due to an illegal search

5  and seizure; (8) The multiple errors in this case together amount to cumulative error. Dkt. 12-1 at

6  204-350.

7       The State responded. Dkt. 12-2 at 2-254. Petitioner obtained counsel who filed a

8  supplemental brief, claiming trial counsel's failure to argue a motion to suppress denied

9  petitioner effective assistance of counsel. Dkt. 12-2 at 256-284.

10      The state court of appeals found that Petitioner's ineffective assistance of counsel claims

11 lacked merit and dismissed the petition. Dkt. 12-3 at 52- 68. Petitioner moved for

12 reconsideration. Dkt. 12-3 at 70-82. The State responded. Dkt. 12-3 at 102-105. The state court

13 of appeals denied the motion. Dkt. 12-3 at 108.

14      Petitioner then moved for discretionary review, claiming: (1) Trial counsel was

15 ineffective for failing to file a pretrial suppression motion; and, (2) Material disputed issues of

16 fact require resolution at a reference hearing. Dkt. 12-3 at 110-135. The state supreme court

17 denied review. Dkt. 12-3 at 155-158.

18      Petitioner moved to modify. Dkt. 12-3 at 160-166. The state supreme court denied the

19 motion. Dkt. 12-3 at 173.

20                                STANDARDS

21      Under the Anti-Terrorism and Effective Death Penalty Act (the AEDPA), a habeas

22 corpus petition may be granted with respect to any claim adjudicated on the merits in state court

23 only if the state court's decision was contrary to, or involved an unreasonable application of,

24

1    clearly established federal law, as determined by the Supreme Court, or if the decision was based

2    on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. §

3    2254(d).

4         Under the "contrary to" clause, a federal habeas court may grant the writ only if the state

5    court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law,

6    or if the state court decides a case differently than the Supreme Court has on a set of materially

7    indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable

8    application" clause, a federal habeas court may grant the writ only if the state court identifies the

9    correct governing legal principle from the Supreme Court's decisions but unreasonably applies

10    that principle to the facts of the prisoner's case. *Id*.

11         The Supreme Court has made clear that a state court's decision may be overturned only if

12    the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). The

13    AEDPA requires federal habeas courts to presume the correctness of state courts' factual

14    findings unless applicants rebut this presumption with "clear and convincing evidence." 28

15    U.S.C. § 2254(e)(1). In addition, review of state court decisions under 28 U.S.C. § 2254(d)(1) is

16    "limited to the record that was before the state court that adjudicated the claim on the merits."

17    *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

18    <u>EVIDENTIARY HEARING</u>

19         The decision to hold a hearing is committed to the Court's discretion. *Schriro v.*

20    *Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing

21    could enable an applicant to prove the petition's factual allegations, which, if true, would entitle

22    the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief

23    is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

24

state court. *Cullen*, 131 S.Ct. at 1388. A hearing is not required if the allegations would not

entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that

if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a

district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388

(2011).

Petitioner's claims are record-based claims presenting only legal questions, and may

therefore be resolved by a review of the state-court record. There is no need for an evidentiary

hearing in this case.

<u>DISCUSSION</u>

Each of Petitioner's three grounds for relief allege ineffective assistance of counsel in

violation of Petitioner's Sixth Amendment rights, premised upon counsel's allegedly incompetent

failure to seek to suppress evidence obtained as a result of what Petitioner believes was a

pretextual traffic stop that violated his Fourth Amendment rights. Dkt. 4 at 5, 6, 8.

**I.    Applicable Law**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court created a two-part

test for determining whether a defendant received ineffective assistance of counsel. First, a

defendant must demonstrate his attorney's performance was deficient, which requires showing

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by

the Sixth Amendment." *Id*. at 687. Second, a defendant must demonstrate the deficient

performance prejudiced the defense to such a degree the results of the trial cannot be trusted. *Id*.

The gravamen of a Fourth Amendment claim is that the criminal defendant's legitimate

expectation of privacy has been violated by an illegal search or seizure. *See, e.g., Katz v. United*

*States*, 389 U.S. 347 (1967). In order to prevail, the criminal defendant need prove only that the

1    search or seizure was illegal and that it violated his reasonable expectation of privacy in the item

2    or place at issue. *See, e.g., Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). However, in *Stone v.*

3    *Powell*, the United States Supreme Court held that "where the State has provided an opportunity

4    for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted

5    federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or

6    seizure was introduced at his trial." *Powell*, 428 U.S. at 494; *see also Moormann v. Schriro*, 426

7    F.3d 1044, 1053 (9th Cir. 2005). This is because the United States Supreme Court has

8    determined that while implementation of the rule against unreasonable searches and seizures at

9    trial and on direct appeal discourages law enforcement officials from violating the Fourth

10   Amendment, "the additional contribution, if any, of the consideration of search-and-seizure

11   claims of state prisoners on collateral review is small in relation to the costs." *Powell*, 428 U.S.

12   at 492–93**.** Therefore, as long as the petitioner has been given a full and fair opportunity to

13   litigate his Fourth Amendment claims in state court, federal habeas review is unavailable. *Id*. at

14   494.

15        When defense counsel's failure to competently litigate a Fourth Amendment claim is the

16   basis of a petitioner's ineffective assistance claim, as in the case at bar, the petitioner must first

17   show that the Fourth Amendment claim was meritorious. *See e.g. Kimmelman v. Morrison*, 477

18   U.S. 365, 382 (1986)(counsel's failure to raise meritless argument is not ineffective assistance).

19   **II.    Grounds for Relief**

20        Petitioner argues a motion to suppress would have been granted because the traffic stop

21   was pretextual, his detention during the stop was unlawfully prolonged, his consent to search his

22   vehicle was coerced, and finally, that the warrant to search his impounded vehicle was tainted by

23   the aforementioned illegalities.

24

### a. Ground One

In ground one, Petitioner argues the traffic stop that led to his arrest and the search of his car was unlawful because police lacked reasonable and articulable suspicion of "any rape investigation at the time they stopped him," though he does not dispute that his vehicle registration was expired and he was driving with a suspended license. Dkt. 4 at 25.

The Washington Supreme Court found the traffic stop was not pretextual because the police had several reasons for stopping Petitioner's car, including an expired vehicle registration, suspicion that Petitioner's driver's license was suspended, a report that Petitioner had raped an underage victim, and confirmation that Petitioner had rented the motel rooms where the victim said the rape had occurred. Dkt. 12-3 at 156.  As the Washington Supreme Court stated, "This is not a case in which police stopped a car for a traffic infraction as a means to investigate a crime that it had no probable cause to believe the driver had committed." Dkt. 12-3 at 156.

Petitioner has not rebutted the state court's factual findings with "clear and convincing evidence," as he must to overcome this Court's presumption that they are correct. 28 U.S.C. § 2254(e)(1). Nor has Petitioner shown the state court's determination was contrary to, or unreasonably applied United State Supreme Court law. *Id*. Consequently, this Court finds the state court did not err in determining a motion to suppress the evidence obtained during the traffic stop would not have been granted, or that counsel was not ineffective for failing to pursue a meritless motion. Thus, Petitioner is not entitled to habeas relief on ground one.

### b. Ground Two

In ground two, Petitioner argues his consent to search his vehicle during the traffic stop was "tainted" by the "pretextual nature of the stop," and only occurred because police expanded

1   the stop beyond the "scope or duration of stopping someone for expired [tags], or arresting them

2   for [driving with a suspended license]." Dkt. 4 at 28-29.

3         The state supreme court did not agree that Petitioner's initial detention after being

4   stopped was excessive, instead finding that once he was stopped Petitioner admitted to police

5   that his license was suspended. Dkt 12-3 at 157. Police then placed Petitioner in custody, and the

6   officer investigating the rape allegations asked Petitioner if he had a cell phone and laptop. *Id*.

7   The alleged rape victim had reported that Petitioner used his cell phone and a laptop for

8   prostitution and that he kept the laptop in a red backpack. *Id*. Petitioner consented to the officer

9   looking inside the car to confirm this fact. *Id*. Once confirmed, the officers arrested Petitioner

10  and impounded his car. *Id*.

11        Petitioner has not rebutted the state court's factual findings with "clear and convincing

12  evidence," as he must to overcome this Court's presumption that they are correct. 28 U.S.C. §

13  2254(e)(1). Nor has Petitioner shown the state court's determination was contrary to, or

14  unreasonably applied United States Supreme Court law. *Id*. Consequently, this Court finds the

15  state court did not err in determining a motion to suppress the evidence obtained during the

16  traffic stop would not have been granted, or that counsel was not ineffective for failing to pursue

17  a meritless motion. Thus, Petitioner is not entitled to habeas relief on ground two.

18        **c.  Ground Three**

19        Finally, in ground three Petitioner argues that his vehicle would never have been

20  impounded if police did not know "valuable evidentiary items were in the car," which they only

21  learned by acting "unlawfully." Dkt. 4 at 33. According to Petitioner, the warrant was defective

22  because it was "prompted by what was seen during the initial [illegal] search." *Id*. Separately,

23  Petitioner claims officers failed to consider "reasonable alternatives to impounds." *Id*.

24

1    The state supreme court declined to address Petitioner's third ground for relief because

2  the warrant application to search Petitioner's impounded vehicle could not have been tainted by

3  the initial, lawful search. Dkt 12-3 at 158. Thus, as the state court of appeals determined, counsel

4  was not ineffective for electing not to move to suppress the fruits of the warranted search

5  because there was no reason to believe it would have been granted. Dkt 12-3 at 75.

6    Petitioner has not rebutted the state court's factual findings with "clear and convincing

7  evidence," as he must to overcome this Court's presumption that they are correct. 28 U.S.C. §

8  2254(e)(1). Nor has Petitioner shown the state court's determination was contrary to, or

9  unreasonably applied, United States Supreme Court law. *Id*. Consequently, this Court finds the

10  state court did not err in determining a motion to suppress the evidence obtained during the

11  warranted search would not have been granted, and that counsel was not ineffective for failing to

12  pursue a meritless motion. Thus, Petitioner is not entitled to habeas relief on ground three.

13                    <u>CERTIFICATE OF APPEALABILITY</u>

14    Petitioners seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

15  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

16  (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner

17  has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §

18  2253(c)(2). Petitioners satisfy this standard "by demonstrating that jurists of reason could

19  disagree with the district court's resolution of his constitutional claims or that jurists could

20  conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

21  *El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

22  Pursuant to this standard, this Court concludes that Petitioner in this case is not entitled to a

23  certificate of appealability.

24

CONCLUSION

Petitioner fails to show that the rulings of the state court violated clearly established federal law. Therefore, this Court recommends that both the petition and the certificate of appealability be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 30, 2021, as noted in the caption

Dated this 14th day of April, 2021.

David W. Christel
United States Magistrate Judge